**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PENGHANG ZHUANG

Plaintiff,

v.

DEFENDANTS IDENTIFIED ON SCHEDULE A

Defendants.

Civil Action No. 1:26-cv-11811

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Penghang Zhuang ("Plaintiff") brings this design patent infringement action against the defendants identified in Schedule A attached hereto (collectively, "Defendants") for infringement of U.S. Design Patent No. D981,123S (the "Patent"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for infringement of U.S. Design Patent No. D981,123S, which claims an ornamental design for a stadium seat. Defendants operate Amazon storefronts through which they have offered for sale and sold stadium seats accused of embodying the patented design (the "Accused Products"). Plaintiff completed test purchases of Accused Products from each Defendant and caused those products to be delivered to Illinois. Defendants' accused activities are connected by overlapping seller-facing identities, business locations, product configurations, and commercial packaging,

as further alleged below. Plaintiff therefore seeks relief for Defendants' infringement of the Patent, including injunctive and monetary relief available under the Patent Act.

## JURISDICTION AND VENUE

2. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff asserts claims arising under the Patent Act, 35 U.S.C. § 1 et seq.

3. Federal Circuit law governs the exercise of personal jurisdiction in an action for patent infringement. *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359–60 (Fed. Cir. 1999) (en banc); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994). Specific personal jurisdiction is proper where a defendant purposefully directs activities at residents of the forum, the claims arise out of or relate to those activities, and the exercise of jurisdiction is reasonable and fair. *Apple Inc. v. Zipit Wireless, Inc.*, 30 F.4th 1368, 1375 (Fed. Cir. 2022).

4. This Court has specific personal jurisdiction over each Defendant. Each Defendant has offered for sale and sold Accused Products through its Amazon storefront to customers in the United States, including Illinois. Before filing this action, Plaintiff completed a purchase of an Accused Product from each Defendant for delivery to Illinois. Each Defendant accepted and fulfilled the order placed through its respective storefront and caused the Accused Product to be shipped to Illinois. Plaintiff's infringement claims arise directly from Defendants' offer for sale and sale of those Accused Products.

5. Defendants' commercialization and shipment of the Accused Products into Illinois constitute purposeful forum-directed activities giving rise to Plaintiff's

patent-infringement claims. *See M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1001–02 (Fed. Cir. 2018); *Beverly Hills Fan*, 21 F.3d at 1565. The exercise of personal jurisdiction over Defendants therefore comports with due process and is reasonable and fair.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are foreign defendants not resident in the United States and may be sued in any judicial district.

## FACTUAL ALLEGATIONS

### A.The Patent and Plaintiff's Product

7. Plaintiff is the owner of U.S. Design Patent No. D981,123S (the "Patent"), which claims an ornamental design for a stadium seat. A true and correct copy of the Patent is attached as **Exhibit A**.

8. Plaintiff offers for sale stadium seats embodying the patented design through directly owned stores and authorized online retailers, including on Amazon.com.

9. Plaintiff has not granted any Defendant any right, license, or authorization to make, use, offer to sell, sell, or import products embodying the design claimed in the Patent.

### B. Defendants' Accused Products and Sales

10. Defendants own and/or operate the Amazon storefronts identified in Schedule A and have offered for sale and sold stadium seats accused of infringing the Patent (collectively, the "Accused Products"). Schedule A identifies the seller information and known ASINs associated with the Accused Products.

11. The Accused Products include variants offered in different colors and in single-unit or multi-unit quantities. Those variations do not materially alter the underlying stadium-seat design reflected in the accused listings and products. As shown in **Exhibits B-1** through **B-4** and **Exhibit C**, the Accused Products share the same basic overall visual configuration, including a substantially rectangular backrest, a rectangular seat cushion, and a storage assembly positioned below the front portion of the seat.

12. As shown in **Exhibit D**, Plaintiff conducted test purchases of Accused Products from each Defendant and caused those products to be shipped to Illinois. The products received through those transactions corresponded to the respective accused listings and are reflected in Plaintiff's supporting exhibits.

13. During Plaintiff's investigation and test purchase, Defendant 1, Shengzhu, offered an Accused Product under the seller-facing alias "Besunbar," including under ASIN B0DHXQ3RM7. Plaintiff contemporaneously preserved the relevant storefront and listing information. That ASIN is no longer active. Defendant 1 continues to operate the same storefront and Seller ID and offers other Accused Products identified in Schedule A.

14. Defendants 2 and 3 continue to use the seller-facing alias "Besunbar" in connection with their respective storefronts and accused listings. Defendant 4 operates under the seller-facing alias "janiry." The corresponding storefronts, Seller IDs, business identities, and accused ASINs are identified in Schedule A.

15. As of Plaintiff's most recent review, the accused listings identified in Schedule A remain available for sale except for Defendant 1's former Besunbar listing.

16. Defendant 3's current Seller ID, A3RE2TP42C2L75, was previously

associated with a defendant identified in Plaintiff's 2024 enforcement action involving the same patent, as reflected in **Exhibit F**.

17. Defendants have not obtained Plaintiff's authorization or license to make, use, offer for sale, sell, or import the Accused Products.

### C. Connections Among Defendants

18. As shown in **Exhibit E**, Defendants 2 and 3 currently use the seller-facing alias "Besunbar" in connection with their respective storefronts and Accused Products. During Plaintiff's investigation and test purchase, Defendant 1 also used the seller-facing alias "Besunbar" in connection with an Accused Product, as reflected in the marketplace records preserved by Plaintiff.

19. Defendants 1, 2, and 3 identify business locations within the same building. Defendants 2 and 3 identify their respective business locations as Room 1102-10 and Room 1102-8, while Defendant 1 identifies its business location as Room 1202-1.

20. Defendants 3 and 4 used substantially identical outer packaging for Accused Products having the same underlying stadium-seat design. The principal difference between the packaging was that one contained a single unit and the other contained two units.

## JOINDER OF PARTIES

21. Joinder of Defendants is proper under 35 U.S.C. § 299. Section 299 permits accused infringers to be joined where (1) the asserted rights to relief arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing, offering for sale, or selling of the same accused product or process, and (2) questions of fact common to all defendants will arise in the action. 35

U.S.C. § 299(a).

22. Those requirements are satisfied here. As alleged above and shown in **Exhibits B-1** through **B-4** and **Exhibit C**, Defendants' Accused Products embody the same underlying stadium-seat design. The identified variants differ only in color and whether the same product is sold individually or in multi-unit quantities. Those variations do not materially alter the accused ornamental design.

23. Plaintiff's claims also arise from the same series of transactions or occurrences. Defendants' accused commercial activities occurred during the same relevant period and are connected by additional facts beyond the sale of the Accused Products themselves. Defendants 2 and 3 currently use the same seller-facing alias, "Besunbar," and Defendant 1 used that same seller-facing alias during Plaintiff's investigation and test purchase. Defendants 1, 2, and 3 identify business locations within the same building, with Defendants 2 and 3 identifying locations within the same room. Defendants 3 and 4 also used substantially identical outer packaging for the Accused Products.

24. Questions of fact common to all Defendants will arise in this action, including questions concerning the ornamental design claimed in the Patent, the overall visual appearance of the Accused Products, and whether the Accused Products infringe the Patent.

25. Accordingly, joinder is based on the same accused product and the pleaded connections among Defendants and their accused commercial activities, rather than solely on allegations that each Defendant infringed the same Patent, and satisfies 35 U.S.C. § 299.

## COUNT I
## INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)

26. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

27. Defendants, without authority from Plaintiff, have infringed and continue to infringe the Patent under 35 U.S.C. § 271(a) by offering for sale and selling within the United States the Accused Products identified in Schedule A.

28. The Accused Products embody the same or substantially the same overall ornamental appearance as the design claimed in the Patent, as shown in Exhibit A and the product comparisons attached as **Exhibits B-1** through **B-4** and **Exhibit C**.

29. As a result of Defendants' infringement, Plaintiff has suffered damages and is entitled to monetary relief as permitted under 35 U.S.C. §§ 284 and 289, without double recovery, and to appropriate injunctive relief under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) Temporarily, preliminarily, and permanently enjoin Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them from:

a. making, using, offering for sale, selling, or importing into the United States any product that infringes the design claimed in U.S. Design Patent No. D981,123S;

b. aiding, abetting, contributing to, or otherwise assisting any person or entity in engaging in such infringing conduct; and

c. assigning or transferring their operations, forming new entities or associations, or using any other means to circumvent the injunction;.

2) Order that, upon Plaintiff's request and to the extent permitted by law, third-party service providers with actual notice of the injunction, including online marketplace providers such as Amazon, Walmart, and eBay ("Third-Party Providers"), take appropriate steps to prevent continued sales of infringing products, including:

a. disabling services used by Defendants to offer or sell infringing products;

b. removing or disabling advertisements and listings associated with such products; and

c. taking reasonable steps to prevent Defendant Internet Stores identified in Schedule A from continuing to display infringing listings through their services;

3) Award Plaintiff damages adequate to compensate for Defendants' infringement pursuant to 35 U.S.C. § 284, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs;

4) Increase any damages awarded under 35 U.S.C. § 284 up to three times the amount found or assessed, as permitted by law;

5) Alternatively, award Plaintiff Defendants' total profits from infringement of the Patent pursuant to 35 U.S.C. § 289;

6) Award Plaintiff reasonable attorneys' fees and costs as permitted by law; and

7) Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: September 28, 2026

Respectfully submitted,

*/s/ Peilin Chen*
Peilin Chen
*Counsel for Plaintiff*

*/s/ Xiaofu Huang*
Xiaofu Huang
*Counsel for Plaintiff*