**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PENGHANG ZHUANG<br>Plaintiff,<br>v.<br>DEFENDANTS IDENTIFIED ON SCHEDULE A<br>Defendants. | Civil Action No. 1:26-cv-11811<br><br>Judge Sara L. Ellis |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND ALTERNATIVE SERVICE OF PROCESS**

Plaintiff Penghang Zhuang ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 26(d)(1), 4(h)(2) and 4(f)(3), respectfully moves for an order (1) authorizing expedited discovery from relevant third parties concerning Defendants' identities and accounts, associated accounts and relationships, and the nature, scope, and extent of Defendants' accused commercial activities, and (2) authorizing service by electronic means on Defendants whose physical addresses remain unknown despite reasonable diligence.

## I. INTRODUCTION

Plaintiff brings this action against four entities believed to be located in the People's Republic of China that operate Amazon storefronts through which they have offered for sale and sold stadium seats accused of infringing Plaintiff's U.S. Design Patent No. D981,123S. Plaintiff completed test purchases of Accused Products from each Defendant for delivery to Illinois and has identified each Defendant's storefront, Seller ID, publicly disclosed business name, accused listings, and other marketplace information.

Publicly available marketplace information, however, reveals only a portion of Defendants' accused commercial activities. Relevant third parties maintain additional nonpublic information concerning the persons and entities associated with the relevant accounts, relationships among those accounts, the listings through which the Accused Products have been offered and sold, and the resulting sales and revenues. Plaintiff therefore seeks expedited discovery under Rule 26(d)(1) to determine the nature, scope, and magnitude of the accused infringement.

Plaintiff has undertaken reasonable efforts to ascertain and verify Defendants' physical addresses for service. Plaintiff identified address information through Defendants' marketplace records and reviewed the test-purchase materials for additional address leads. Those materials provided no additional reliable address information, and Plaintiff's subsequent verification efforts did not yield a reliable physical address for formal service on any Defendant. Plaintiff therefore seeks authorization to serve Defendants by electronic means pursuant to Rule 4(f)(3).

## II. RELEVANT FACTS

Plaintiff owns U.S. Design Patent No. D981,123S, which claims an ornamental design for a stadium seat. Defendants are believed to be PRC entities operating the Amazon

storefronts identified in Schedule A to the Complaint: Shengzhu (Seller ID AXC5FTC81WD33), decong2024 (Seller ID AAFY4H32X2FHE), Besunbar (Seller ID A3RE2TP42C2L75), and honghui88 (Seller ID A3JRZKK9FSRPK8). Plaintiff completed test purchases of Accused Products from each Defendant for delivery to Illinois. (Ex. A.)

Amazon's publicly available seller information identifies each Defendant's storefront, Seller ID, business name, accused listings, and business address. Certain accused products are offered in different colors or in single-unit and multi-unit variations. Since Plaintiff's investigation and test purchases, the Besunbar listing from which Plaintiff purchased an Accused Product from Defendant Shengzhu has become inactive, while other Accused Products remain available through Defendants' storefronts.

Plaintiff reviewed the packaging and shipping materials received through its test purchases for additional address information. Those materials did not provide any additional reliable address lead beyond the address information available from Defendants' marketplace records.

Plaintiff searched the marketplace-listed addresses using Baidu Maps and postal-code searches. Defendants 1, 2, and 3 list locations within the same building: Defendant 1 lists Room 1202-1, while Defendants 2 and 3 list Room 1102-10 and Room 1102-8, respectively. The searches did not identify those specific room designations. (Ex. B.)

Defendant 4 lists a different business address. Plaintiff separately searched that address using Baidu Maps and checked the associated postal-code information. Those searches did not identify Defendant 4 at the listed address. (Ex. B.)

## III. ARGUMENT

### A. GOOD CAUSE EXISTS FOR EXPEDITED DISCOVERY

Federal Rule of Civil Procedure 26(d)(1) permits discovery before the parties' Rule 26(f) conference when authorized by court order. Courts in this District permit such discovery upon a showing of good cause. See *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011).

Good cause exists here because publicly available marketplace information reveals only a limited portion of Defendants' accused commercial activities. Plaintiff has identified Defendants' storefronts, Seller IDs, accused listings, and Accused Products and has completed test purchases from each Defendant. But public-facing records do not reveal the complete identities and accounts involved, the relationships among those accounts, or the volume, duration, and monetary scale of Defendants' sales. That information is maintained principally by third-party marketplace platforms, payment and fulfillment service providers, and other third parties involved in Defendants' online commercial activities. Expedited discovery is therefore warranted to determine the nature, scope, and magnitude of the accused infringement.

#### 1) Identity and Account Information

Plaintiff seeks information concerning the persons and entities associated with, operating, accessing, or controlling the accounts through which the Accused Products have been offered and sold, including, without limitation:

1. names and legal or registered business identities associated with the relevant accounts;
2. current and historical physical and mailing addresses;
3. email addresses, telephone numbers, and other contact information;
4. account registration, verification, ownership, and control information; and

5. other information identifying persons or entities authorized to access, operate, manage, or control the relevant accounts.

Although Plaintiff has identified the business names, storefronts, Seller IDs, and other publicly available information associated with Defendants, third-party account records may identify additional persons or entities involved in operating the accused storefronts.

**2) Associated Accounts, Storefronts, and Relationships**

Plaintiff also seeks information concerning other accounts, storefronts, seller aliases, and commercial accounts associated with Defendants or sharing common ownership, control, contact, payment, fulfillment, registration, or verification information with the accounts identified in the Complaint, including, without limitation:

1. other seller accounts, storefronts, aliases, or commercial accounts associated with Defendants;
2. accounts sharing ownership, control, access credentials, contact information, physical addresses, payment information, fulfillment information, or account-verification information with the identified Defendant accounts; and
3. records reflecting relationships among the Defendant accounts and any additional accounts through which the Accused Products have been advertised, offered, or sold.

The presently available record already reflects connections among Defendants, including overlapping seller-facing identities during the relevant period, overlapping business locations, and substantially identical commercial packaging. Third-party account records may reveal the extent of those relationships and whether the accused commercial activity extends to additional accounts, storefronts, or seller identities.

**3) Nature, Scope, and Extent of the Accused Sales**

Plaintiff further seeks information sufficient to determine the extent of Defendants' commercial activities involving the Accused Products, including, without limitation:

1. the complete current and historical listing history of the Accused Products, including all ASINs and other listing identifiers and any related, replacement, parent, child, or variation listings;
2. the periods during which the Accused Products and related listings were advertised, offered for sale, or sold;
3. the number of Accused Products sold through each relevant listing;
4. the gross revenues, refunds, returns, and other amounts associated with sales of the Accused Products; and
5. transaction and financial records sufficient to show the sales, revenues, and proceeds generated through the advertising, offering for sale, and sale of the Accused Products.

Public-facing listings establish that Defendants have offered and sold the Accused Products but do not disclose the full volume, duration, or monetary scale of those activities, including whether the same products have been offered through additional or replacement listings. The limitations of the public record are already apparent here: Plaintiff completed a test purchase from Defendant Shengzhu through an accused listing that has since become inactive, while other Accused Products and variations remain available through related listings.

This information bears directly on the scope and magnitude of the alleged infringement and resulting economic harm. Plaintiff seeks recovery of Defendants' total profits from the relevant articles of manufacture under 35 U.S.C. § 289 or, alternatively, damages under

35 U.S.C. § 284. An accounting of sales, revenues, and related transactions therefore bears directly on both the extent of the accused conduct and the monetary relief potentially available.

Courts in this District have permitted expedited third-party discovery extending beyond identification information to sales information and accounting concerning accused products. See, e.g., *EWAY Trading (Hangzhou) Co., Ltd. v. Codi*, No. 1:26-cv-03670, Dkt. 9 (N.D. Ill. Apr. 23, 2026) (authorizing expedited discovery including sales information concerning accused products in a design-patent action); *Robert Bosch LLC v. Individuals, Corporations, Limited Liability Companies, Partnerships & Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-01253, Dkt. 27 (N.D. Ill. Mar. 20, 2026) (authorizing discovery of the complete sales history of the accused products).

### B. ELECTRONIC SERVICE IS APPROPRIATE HERE

#### 1) Defendants' Address Are Unknown Despite Plaintiff's Reasonable Diligence

Federal Rule of Civil Procedure 4(f)(3) permits service on a foreign defendant by means directed by the Court that are "not prohibited by international agreement." The Hague Service Convention does not apply where "the address of the person to be served with the document is not known." Hague Service Convention art. 1, 20 U.S.T. 361, 362.

In determining whether an address is unknown for purposes of Article 1, courts ordinarily require a plaintiff to make "reasonably diligent efforts to ascertain and verify [the] defendant's mailing address." *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, 177 F.4th 793, 799 (7th Cir. 2026).

As set forth above, Plaintiff identified specific marketplace-listed addresses for each Defendant, reviewed the test-purchase materials for additional address leads, and separately investigated the identified addresses through mapping and postal-code searches. Those address-

specific efforts did not verify a reliable physical address attributable to any Defendant for formal service. (Ex. B.)

Plaintiff therefore pursued the concrete address information available for each Defendant rather than simply treating the addresses of foreign online sellers as unknown. Because those reasonable efforts failed to verify a physical address for any Defendant, Defendants' addresses remain “not known” within the meaning of Article 1 of the Hague Service Convention.

**2) Electronic Service Comports with Due Process**

Any court-directed method of service must also comport with due process. The method must be reasonably calculated, under the circumstances, to apprise the defendant of the pendency of the action and afford an opportunity to respond. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Courts have recognized that service by email may satisfy due process where the record shows that the address is regularly used by the defendant and is reasonably likely to provide actual notice. See *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017–18 (9th Cir. 2002).

Here, Defendants conduct commercial activity through Amazon seller accounts associated with electronic contact information and marketplace communication channels. Plaintiff requests authorization to serve the summons, Complaint, Schedule A, and this Court's relevant orders by:

1. email to the email addresses associated with Defendants' Amazon seller accounts, including any current email addresses produced through expedited discovery; and/or
2. the electronic communication channels associated with Defendants' Amazon storefronts or seller accounts.

These methods are directly connected to the commercial accounts through which Defendants conduct the accused activities and are reasonably calculated to provide actual notice of this action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. authorize the limited expedited discovery described above pursuant to Rule 26(d)(1);
2. authorize service under Rule 4(h)(2) and 4(f)(3), by the electronic means described above, upon each Defendant whose physical address remains unknown despite reasonable diligence; and
3. grant such other relief as the Court deems just and proper.

DATED September 28, 2026 Respectfully submitted,

By: /s/ Peilin Chen
Peilin Chen
*Counsel for Plaintiff*
NDIL Bar Number 0106730
Delta IP Law PLLC
20F Street NW, Suite 700
Washington DC, 20001, USA
216-507-9678
michael@deltaiplaw.com

By: /s/ Xiaofu Huang
Xiaofu Huang
*Counsel for Plaintiff*
NDIL Bar Number 5460555
Delta IP Law PLLC
20F Street NW, Suite 700
Washington DC, 20001, USA
424-376-9780
floria@deltaiplaw.com